# THE CITY OF PHILADELPHIA v. WILLIAM R. MATCHETT.

ERROR TO THE COURT OF COMMON PLEAS, NO. 3, OF PHILADEL-
PHIA COUNTY.

Argued March 29, 1887—Decided April 11, 1887.

In 1873 the city of Philadelphia laid water pipe along the front of a lot
owned by the German Hospital (though not then used for hospital
purposes) and in 1874 filed a municipal claim therefor, which claim
under an ordinance of Councils was the same year satisfied of record by
the city solicitor. In 1879 the said hospital conveyed the lot, the title
thereto becoming vested in 1885 in M., who erected a row of dwellings.

Under an ordinance of Councils of January 29, 1855, providing that no
permit for the use of water should be issued except upon the produc-
tion by the applicant of evidence of the payment of the cost of laying
the water pipe in front of the premises for which the use is desired,
a permit to M. to introduce water from the pipe in front of his build-
ings was refused, without payment by him of the cost of laying said
pipe.

*Held*, that the city was estopped from alleging that the cost of laying
the pipe had not been paid, and that defendant was entitled to use the
water without such payment.

Before MERCUR, C. J., TRUNKEY, STERRETT, GREEN and
CLARK, JJ.; GORDON and PAXSON, JJ., absent.

No. 137 January Term 1887, Sup. Ct.; Court below, No.
371 September Term 1885, C. P.

This case originated in the court below upon the petition
by William R. Matchett for an alternative *mandamus* directed
to William Ludlow, Chief Engineer of the Water Department
of the city of Philadelphia and Charles H. Russell, Permit
Clerk, followed by the issuance of said writ, a return thereto,
a replication (after a demurrer withdrawn) and a rejoinder.
At the argument which followed, the parties upon the recom-
mendation of the court entered into a case stated wherein the
city of Philadelphia was made plaintiff and William R. Match-
ett, defendant:— ·

[The case stated proceeds to set forth the property owned

in 1872 by The German Hospital; the laying of the water pipe in front thereof in 1873; the filing of the lien for $400 in 1874, and the satisfaction of the same of record by the city solicitor under an ordinance of councils the same year; the subsequent conveyance of the property by the hospital in 1879, the title in 1885 becoming vested in said William R. Matchett.]

That prior to the delivery of the last mentioned deed, the said William R. Matchett caused certificates of search to be procured from the office of the Court of Common Pleas (which since the adoption of the Constitution of 1874 includes searches in the late District Court) and also from the city solicitor's office, which said certificates are dated the 21st day of May, 1885, and show no municipal claim for water pipe, or any other claims, against said lot.

That prior to the payment of the purchase money of said lot, the said William R. Matchett knew that the said water pipe had been laid in front of the same, that the said claim had been filed therefor, and that the said claim had been satisfied of record by the then city solicitor, and relying on these facts, neither he nor any one on his behalf, before paying said purchase money, made any inquiry at the Water Department, to ascertain there if the said pipe had been paid for.

That by inquiry at the said office of the Water Department, he would have ascertained that said pipe had not been paid for. That there is connected with said Water Department a search office, and that for a fee of 25 cents, as provided by a resolution of councils, dated the 4th day of March, 1884, searches are now, and have been since the last mentioned date, issued by the chief engineer of the Water Department. That no search was ordered or requested in this case.

That since the passage of the ordinance of January 29, 1855, [found in the syllabus] it has always been within the power of a purchaser to ascertain by inquiry at the Water Department whether pipe has been paid for. It has been customary for some years past for attorneys and conveyancers in Philadelphia to make inquiry at the Water Department to ascertain as to the payment of pipe.

That, as a matter of fact, the water pipe in question has not been paid for, but that the said William R. Matchett was not

aware of said fact at the time of the payment of the purchase money of said lot. The admission of the fact that said pipe has not been paid for is not to prejudice the right of the defendant to argue that the plaintiff is estopped from alleging such fact as against him.

That the said William R. Matchett has caused a row of dwelling houses to be erected on said lot, which are now nearly completed, and it became necessary to connect the water pipes of said houses with the said water pipe in the street for the purpose of introducing water into the said houses.

That on the 23d day of November, 1885, the said William R. Matchett applied to Charles H. Russell, the officer at the Water Department of the said city, duly authorized to issue permits for the introduction of water into buildings, who was duly appointed by William Ludlow, chief engineer of said Water Department, and that said application was refused, unless the said William R. Matchett would first pay into said department the cost of laying said water pipe in front of said lot, in pursuance of an ordinance of councils of the 29th day of January, 1855, a copy of which is hereto annexed.

That the said William R. Matchett on the 28th day of November, 1885, presented his petition to this Honorable Court for a writ of *mandamus* to the said William Ludlow, chief engineer, and Charles H. Russell, permit clerk of said Water Department, commanding them to issue to him a permit to introduce water from said pipe into said houses, whereupon a writ of alternative *mandamus* was awarded to which the said William Ludlow, chief engineer, made return and an issue was joined thereon and the case argued before this Honorable Court and held under consideration, and thereupon at the suggestion of said court an agreement between the said plaintiff and the said defendant was entered into, providing that the said plaintiff should grant the said permit, upon the said defendant entering into a covenant to pay the cost of laying said water pipe, if upon a case stated reciting the foregoing facts, the court should be of opinion that the plaintiff was not estopped from alleging that the said pipe had not been paid for, and that defendant was not entitled to use said water pipe without paying the cost of laying the same, which said covenant has been duly signed and delivered to the city solic-

itor, and thereupon the said permit was duly issued to the said defendant.

If upon the foregoing facts the Court should be of opinion that the plaintiff is not estopped as to the defendant from alleging that said water pipe has not been paid for, and that the said defendant is not entitled to introduce water into his said houses from said water pipe, without first paying the cost of laying the same, then judgment to be entered for the plaintiff in the sum of five hundred dollars, otherwise judgment to be entered for the defendant, costs to follow the judgment, with right in either party to take a writ of error to the Supreme Court. . . . .                    [Signed by the parties.]

On argument the Court ordered judgment for the defendant, whereupon the plaintiff city took this writ assigning the said judgment for error.

*Mr. Robert Alexander,* (*Mr. Frank M. Riter* and *Mr. Charles E. Warwick, City Solicitor,* with him,) for the plaintiff in error:

The Ordinance of January 29, 1855, provides that no permit for the use of water shall be issued unless, at the time of the application, the person or persons shall exhibit the receipt of the proper officer for the amount of assessment or other satisfactory evidence of the payment thereof for the expense of laying the pipe on the premises for which the permit is granted. This ordinance, if. valid, must be complied with by the Chief of the Department.

That it is valid, and within the power of the city to make, cannot be doubted: Girard Life Ins. Co. v. Philadelphia, 88 Penn. St. 393. This very ordinance was before this court and sustained in Philadelphia v. Cooke, 30 Idem. 56.

The defendant, however, claims he is an innocent purchaser, and that the city is estopped from enforcing the ordinance in this particular case. The same was asserted in Philadelphia v. Cooke, *supra.*

In the case of Girard Life Ins. Co. v. Philadelphia, *supra,* a mortgagee of a property purchased at a sheriff's sale. There was nothing upon the court record to show the water rent was in arrear, yet the Court compelled him to pay all arrears at time

of 'sale, otherwise to submit to the cutting off of water under the Ordinance of March 22, 1862.

In the present case the defendant could have easily ascertained the fact that the pipe was not paid for. To inquire and take searches at that office, is now the settled practice with conveyancers and lawyers in passing titles.

The relator having failed to make this inquiry has no legal right to say he was misled.

For what reason Councils directed the lien to be satisfied is not known to the city; but it was beyond the power of Councils to make a gift to the hospital: Dechert v. The Commonwealth, 113 Penn. St. 229; Hodges v. Buffalo, 2 Den. 110; Bergner v. Harrisburgh, 1 Pears. 291.

The property was a vacant lot not used by the hospital when the pipe was laid, and hence not exempt under the Act of May 14, 1874, P. L. 158, exempting hospitals, etc., from taxation. If the ground were exempt, the owner must comply with the ordinance. The lien is by force of the statute.

If extinguishment of lien by judicial sale and payment to sheriff, as in Philadelphia v. Cooke, *supra*, is neither actual nor constructive payment, certainly the satisfaction of claim without payment is no payment of the debt.

The city is not estopped, as it has not said to the defendant this pipe is paid for. Satisfaction of a claim is not necessarily a payment of the debt. The city has two remedies, one by lien given by statute, the other by the ordinance. A purchaser has no right to rely solely on lien records. [Mr. Justice TRUNKEY: Why is the lien filed?] As an additional safety; we cannot compel payment.

As to the effect of satisfaction:—The satisfaction of a judgment on a mortgage bond does not impair the same debt secured by the mortgage: Morris v. Brady, 5 Whar. 541; nor the converse, Fleming v. Parry, 24 Penn. St. 47, wherein it is said, " There is no magic in an entry of satisfaction either on a judgment or a mortgage, which can prevail against the truth and equity of the transaction."

*Mr. William C. Hannis,* for the defendant in error:

The city had power to remit such a claim to a hospital whose wards were always open to citizens or persons hurt in the city's

employ: Tagg v. Philadelphia, 18 W. N. 79; Tatham v. Philadelphia, 2 W. N. 564.

But whatever the consideration, or whether there was any consideration or not, for the satisfaction of the claim, the city as against the defendant is estopped by her solemn declaration of record from now alleging that said pipe has not been paid for. Satisfaction means payment: *Webster.*

It will not do to urge that if the defendant, instead of relying upon the declaration of satisfaction, had inquired of the Water Department, he would have found the truth to be otherwise, and that hence the city is not estopped: Brooke v. Railroad, 108 Penn. St. 529; Bank v. Bank, 50 N. Y. 575; Bank v. Keene, 53 Me. 103; Miller's App., 84 Penn. St. 391; Keefer v. Rogers, 19 Minn. 32; Wannell v. Keim, 57 Mo. 478; Steele v. Ins. Co., 3 Mo. App. 207; Tobin v. Allen, 53 Miss. 563; Voorhees v. Olmstead, 66 N. Y. 113.

Besides, the records of the Water Department are not public records like court records. Nor does it appear that the defendant or his conveyancer had actual notice of such a search office: Baldwin v. Philadelphia, 99 Penn. St. 164.

The city is subject in this case to the doctrine of equitable estoppel, fully illustrated in the cases: Pickard v. Sears, 6 A. & E. 469; Freeman v. Cooke, 2 Exch. 654; Cornish v. Abington, 4 Hurl. & N. 549; Cont. N. Bank v. N. Bank of Commerce, 50 N. Y. 582; Pierce v. Arbuckle, 22 Minn. 417; Hawkins v. The Church, 23 Minn. 258; Gray's App., 10 W. N. 458; Water's App., 35 Penn. St. 525; Brooke v. Railroad, 108 Idem, 529; Lawrence v. Philadelphia, 14 W. N. 421; Duffy v. Houtz, 105 Penn. St. 96.

PER CURIAM:

The learned judge committed no error in entering judgment in favor of the defendant on the case stated.

He purchased with knowledge that the claim in question had been satisfied of record by the city solicitor, and relying thereon he paid over the whole purchase money to his vendor. He took possession and has erected a row of dwelling houses on the lot. To now permit the city to remove that satisfaction, would not only be in conflict with the principle of equitable estoppel, but would work great injustice to the defendant.

Judgment affirmed.